# UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, et al., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Respondents. | Case No. 15-1020 |
| GAS PROCESSORS ASSOCIATION, <br><br> Petitioner, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> Respondent. | Case No. 15-1021 |

## UNOPPOSED MOTION TO HOLD CASES IN ABEYANCE

Petitioner American Petroleum Institute ("API") respectfully moves this Court to hold Case Nos. 15-1020 and 15-1021 (the "consolidated cases") in abeyance pending ongoing negotiations with the Respondents regarding potential resolution of the regulatory provisions at issue in this petition for review and related petitions that are currently in abeyance before this Court. The present consolidated cases seek review of the Environmental Protection Agency's ("EPA's") 2014 rule revisions to greenhouse gas ("GHG") reporting requirements

for oil and gas systems under 40 C.F.R. Part 98, Subpart W.  79 Fed. Reg. 70,352 (Nov. 25, 2014) ("the 2014 rule").  These cases are closely related to pending petitions for review of two other rulemakings under 40 C.F.R. Part 98, Subpart W.  *See* 75 Fed. Reg. 74,458 (Nov. 30, 2010) ("the 2010 rule"); 76 Fed. Reg. 80,554 (Dec. 23, 2011) ("the 2011 rule").  Those prior cases, which have previously been consolidated under Case No. 11-1020, are being held in abeyance pending EPA's review of petitions for reconsideration of the 2010 rule.

Because the present petitions seek review of closely related regulations in 40 C.F.R. Part 98, Subpart W, that may be affected by EPA's ultimate conclusion regarding reconsideration of the 2010 rule, API is requesting the consolidated cases also be held in abeyance under the same terms as with Case No. 11-1020.  API has sought the concurrence of all of the parties to these cases.  Counsel for Respondents stated that Respondents support the motion.  Counsel for Petitioners Gas Processors Association stated that the Gas Processors Association does not oppose the motion.

In support of its motion, API states as follows:

1.    In Case Nos. 11-1020, 11-1023, 11-1025, 11-1026, and 11-1027, a number of petitioners, including API, are seeking review of a Clean Air Act ("CAA") final rule entitled "*Mandatory Reporting of Greenhouse Gases:*

2

*Petroleum and Natural Gas Systems*," 75 Fed. Reg. 74,458 (Nov. 30, 2010). These cases were consolidated by the Court. Docs. 1290754, 1291715.

2. On March 2, 2011, Respondents in Case No. 11-1020 filed an unopposed motion to hold Case No. 11-1020 and consolidated cases in abeyance. Doc. 1295985. Respondents explained that five petitions for administrative reconsideration had been submitted to EPA, four of which were submitted by Petitioners in those consolidated cases. Respondents asserted that if the petitions for administrative reconsideration were granted, further administrative action may be required under 42 U.S.C. § 7607(d)(7)(B), while additional petitions for review may be filed if EPA denied the petitions for administrative reconsideration. In light of EPA's ongoing review and the potential for further alterations to the 2010 rule in response to the petitions for administrative reconsideration, Respondents requested that the cases be held in abeyance until EPA completed its review of the petitions for administrative reconsideration. On March 3, 2011, the Court granted the motion to hold the cases in abeyance. Doc. 1296198. The Court ordered EPA to file status reports at 90-day intervals and directed the parties to file motions to govern future proceedings within 30 days after EPA completes its proceedings regarding the petitions for administrative reconsideration. *Id.*

3. In Case Nos. 12-1107 and 12-1108, two petitioners, including API, are seeking review of a CAA final rule entitled "*Mandatory Reporting of*

*Greenhouse Gases: Technical Revisions to the Petroleum and Natural Gas Systems Category of the Greenhouse Gas Reporting Rule*," 76 Fed. Reg. 80,554 (Dec. 23, 2011). On March 14, 2012, on its own motion, the Court consolidated these cases with Case No. 11-1020 and held them in abeyance. Doc. 1363712.

4. On February 10, 2015, Respondents filed their most recent status report in Case No. 11-1020, stating that EPA's review of the administrative petitions for reconsideration is ongoing. Doc. 1536847.

5. In Case Nos. 15-1020 and 15-1021, API and the Gas Processors Association are seeking review of a CAA final rule entitled "*Greenhouse Gas Reporting Rule: 2014 Revisions and Confidentiality Determinations for Petroleum and Natural Gas Systems*," 79 Fed. Reg. 70,352 (Nov. 25, 2014). On January 26, 2015, the Court consolidated Case Nos. 15-1020 and 15-1021 and directed the petitioners to file initial submissions by February 25, 2015. Doc. No. 1534033.

6. The petitions for review in all of these cases are related because the 2014 rule includes revisions to the same regulatory provisions in 40 C.F.R. Part 98, Subpart W that were addressed in the 2010 and 2011 rules and for which administrative petitions for reconsideration are still pending.

7. Therefore, API requests the Court also hold Case Nos. 15-1020 and 15-1021 in abeyance pending the conclusion of EPA's evaluation of the administrative petitions for review of the 2010 rule. For the reasons stated in

EPA's March 2011 motion to hold cases in abeyance and summarized above, EPA's final determinations regarding the petitions for administrative reconsideration could result in further changes to 40 C.F.R. Part 98, Subpart W that could resolve the issues that API would intend to raise in this petition for review. Therefore, to conserve judicial resources, API believes it is appropriate to hold Case Nos. 15-1020 and 15-1021 in abeyance while EPA completes its review of the administrative petitions for reconsideration of the 2010 rule. *See B.J. Alan Co., Inc. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) ("[a]dministrative reconsideration is a more expeditious and efficient means of achieving adjustment of agency policy than is resort to the federal courts," quoting *Commonwealth of Pennsylvania v. ICC*, 590 F.2d 1187, 1194 (D.C. Cir. 1978)).

## CONCLUSION

For the foregoing reasons, API respectfully requests that the Court hold Case Nos. 15-1020 and 15-1021 in abeyance in accordance with the terms specified in its March 3, 2011 order in Case No. 11-1020, with EPA filing 90-day status reports and the parties filing motions to govern future proceedings within 30 days after EPA completes its proceedings with respect to the petitions for administrative reconsideration.

                                            Respectfully submitted,

                                            /s/  Roger R. Martella, Jr.
                                            Roger R. Martella, Jr.
                                            Joel F. Visser
                                            SIDLEY AUSTIN LLP
                                            1501 K Street, NW
                                            Washington, DC  20005
                                            (202) 736-8000

*Of Counsel*
Stacy Linden
John Wagner
AMERICAN PETROLEUM INSTITUTE
1220 L Street, NW
Washington, DC  20005-4070
(202) 682-8000

Dated:  February 20, 2015

## CERTIFICATE OF SERVICE

I hereby certify that the copies of the foregoing Unopposed Motion to Hold Cases in Abeyance was served, this 20th day of February, 2015, through CM/ECF on all registered counsel.

/s/ Joel F. Visser